# In the United States District Court for the Southern District of Georgia Brunswick Division

```
UNITED STATES OF AMERICA,        *
                                 *
                                 *        CR 222-026-55
         v.                      *
                                 *
ADAM SMITH,                      *
                                 *
         Defendant.              *
```

## ORDER

Before the Court is Defendant Adam Smith's motion for sentence reduction. Dkt. No. 2658. The Government has responded in opposition, dkt. no. 2690, and the motion is ripe for review.

Pursuant to a written plea agreement, Defendant pled guilty to conspiracy to possess with intent to distribute, and to distribute, a quantity of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2. Dkt. No. 2116. On November 16, 2023, the Court sentenced Defendant to forty-eight months' imprisonment, to be served concurrently with any sentence which may be imposed on the pending related state case in Camden County, Georgia, but consecutively to any sentence which may be imposed on the pending unrelated state cases in Glynn County, Georgia. Id. The Court also ordered that Defendant, upon release from imprisonment, serve three years of

supervised release.  Id.  Defendant filed a direct appeal, dkt. no. 2251, which is still pending.

In his motion for sentence reduction, Defendant states his sentence "was a little harsh," he served as the caretaker for his father who is in declining health, he has been taking classes while in custody, and he has not been in any "trouble" while in custody.  Dkt. No. 2658-1 at 2, 3.  He requests the Court "reduce [his] sentence to time served," or "allow [him] to finish [his] sentence on home confinement."  Id. at 2.

To the extent Defendant seeks to challenge the original imposition of his sentence, he has provided no legal authority for a sentence reduction at this juncture.  Moreover, Defendant could have and should have raised such a challenge earlier, either at his sentencing hearing, in a Rule 35(a) motion to correct, or in his direct criminal appeal.  See United States v. Delgesso, 837 F. App'x 723, 725 (11th Cir. 2020).

To the extent Defendant argues he should be released to care for his father, he has cited no legal authority to support such relief.  Moreover, Defendant raises the same argument in his motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A), which the Court addresses by separate Order.

Having found that Defendant has provided no legal authority to support his motion for a sentence reduction, the motion is **DENIED.**

**SO ORDERED**, this 17 day of December, 2024.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA